36

Lucille KELLY, Plaintiff–Appellant,

v.

Kevin McGUIRE, Superintendent of the Half Hollow Hills Central School District; Board of Education, of the Half Hollow Hills Central School District; Half Hollow Hills Central School District, Defendant–Appellee.

No. 00–9171.

United States Court of Appeals, Second Circuit.

May 25, 2001.

Lucille J. Kelly, Brentwood, NY, pro se.

Laura A. Ferrugiari, Ehrlich, Frazer & Feldman, Garden City, NY, for appellees.

Present FEINBERG, GRAAFEILAND, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Lucille Kelly ("Kelly"), *pro se,* appeals from a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*), denying Kelly's motion for summary judgment, granting defendant-appellees' motion for summary judgment, and dismissing Kelly's complaint in its entirety.

On appeal, Kelly argues that the district court erred by concluding that she was not denied due process when the Board of Education's delegated hearing officer failed to provide her with a copy of his recommendation that she be terminated prior to the Board of Education's final decision to terminate her employment.

We review the district court's grant of summary judgment *de novo. See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir.1998). Even when viewing the evidence in the light most favorable to Kelly and drawing all reasonable influences in her favor, *see id.* at 764–65, we affirm the district court's dismissal of Kelly's due process claim because she had an adequate remedy under state law.

There is no state law or regulation prohibiting a hearing officer from providing a party with a copy of the hearing officer's recommendation. Thus, the hearing officer's decision to withhold a copy of his recommendation from Kelly was a random and unauthorized act, as opposed to a decision based on a municipal policy. We have held that an Article 78 proceeding is an adequate post-deprivation remedy in cases in which the claim of due process is based on a random, unauthorized act of a state employee. *See Hellenic Am. Neighborhood Action Comm. v. City of New York,* 101 F.3d 877, 880–81 (2d Cir.1996). Therefore, Kelly's procedural due process claim is viable only if the post-deprivation remedies available to her under state law were inadequate. *See id.*

Kelly brought an Article 78 proceeding in New York State court, which was dismissed because she did not provide the required notice to the defendants under N.Y. Education Law § 3813(1). "Article 78 of the New York Civil Practice Law . . . provides both a hearing and a means of redress for petitioners," and "constitutional issues can be decided in Article 78 proceedings." *Hellenic Am. Neighborhood Action Comm.,* 101 F.3d at 881. The fact that Kelly failed to properly utilize the post-deprivation process available to her under state law does not alter the fact that Article 78 provided her an adequate post-deprivation remedy under the circumstances of this case. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.